UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FLOWERS BAKERIES BRANDS, LLC, | ) |
| :--- | :--- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14MC618 RLW |
| | ) |
| EARTHGRAINS BAKING COMPANIES, | ) |
| LLC and BIMBO BAKERIES USA, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This miscellaneous matter is before the Court on Defendants' Motion to Quash Subpoena on John C. Lee (ECF No. 1). The motion is fully briefed and ready for disposition. For the reasons set forth below, the motion to quash shall be denied as moot.

## Background

This case stems from ongoing trademark infringement litigation pending in the Middle District of Georgia, Case No. 7:13-cv-00138-HL. On November 3, 2014, the Plaintiff issued a Subpoena commanding Mr. John C. Lee, a Vice President of Defendant Bimbo Bakeries USA, Inc., to appear at a deposition on November 10, 2014. Defendants contend that, although they offered to make witnesses available on certain dates, Plaintiff unilaterally selected a deposition date for Mr. Lee and served a notice pursuant to Fed. R. Civ. P. 30(b)(1), as well as a Subpoena on the same date. According to Defendants, they notified the Plaintiff that Mr. Lee was unavailable on the scheduled date and filed the present Motion to Quash. Plaintiff contends that Defendants' blatantly disregarded the Georgia court's scheduling order by refusing to produce witnesses during the discovery period, thus forcing Plaintiff to issue a Subpoena to Mr. Lee. Plaintiff requests that the Court deny the motion to quash and reimburse the costs and fees

Plaintiff incurred in connection with traveling from Atlanta to St. Louis to proceed with the deposition and responding to the motion to quash. Defendants' reply indicates that the parties have now agreed to a reasonable time and place for Mr. Lee's deposition to proceed. Defendants also maintain that sanctions are inappropriate because Plaintiff was aware the deposition would not take place yet elected to incur the costs of attending.

## **Discussion**

The Court finds that, based on the motion and the responses thereto, the motion to quash is now moot. Plaintiff acknowledges that Defendants indicated that Mr. Lee would not be available on November 10 and also note that Defendants filed a motion to extend the discovery period concurrently with the motion to quash. The judge later granted the motion for a 30-day extension of the discovery period. Subsequently, the parties agreed to a time and place to take Mr. Lee's deposition.

With regard to Plaintiff's request for reimbursement of costs and fees associated with Plaintiff's counsel appear for Mr. Lee's deposition, the Court first notes that a proper motion is not before this Court. *See United States v. Syntrax Innovations, Inc.*, 149 F. Supp. 2d 880, 885 (E.D. Mo. 2001) (denying an award of deposition costs and travel expenses as a sanction for failing to participate in discovery where plaintiff did not file an appropriate motion). Further, in light of Plaintiff's knowledge that Mr. Lee and counsel would not be attending the deposition, Plaintiff should not be reimbursed for electing to attend anyway. *See, e.g., Bailey v. Feltmann*, No. 4:14-CV-47 CAS, 2014 WL 3728642, at *1 (E.D. Mo. July 25, 2014) (denying defendant's request for costs and attorney's fees where the "costs were incurred because defendant elected to take a particularly aggressive response to plaintiff's failure to appear").

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Quash Subpoena on John C. Lee (ECF No. 1) is **DENIED** as **MOOT.**

Dated this 25th Day of November, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

3